```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

JASON MICHAEL OSBORN,

    Petitioner,

v.                                       Case No. 2:23-cv-290-JES-NPM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

## ORDER OF DISMISSAL

This cause is before the Court on consideration of a "Petition under Extraordinary Circumstances Seeking Equitable Tolling Time" filed by Jason Michael Osborn. (Doc. 1, filed April 24, 2023). The document was docketed by the Clerk as a habeas corpus petition under 28 U.S.C. § 2254, and the matter is before the Court on initial review.

Upon review of the pleading, it appears that it was not intended to be a petition under section 2254, but is instead a motion for a 90-day extension of time to file a timely 28 U.S.C. § 2254 petition. (Id. at 4). However, because no habeas petition has been filed, there is no active case or controversy, and the Court lacks jurisdiction to address the motion.

### I. Background

Osborn asserts that he was adjudicated guilty in state court on April 14, 2014. (Doc. 1 at 1). He asserts that the Fifth DCA

issued mandate on his state-court postconviction motion (Rule 3.850 Motion) on March 24, 2023. (Id.) He claims that he has already drafted his federal habeas petition and planned to file it in federal court as soon as the state courts' consideration of his postconviction motion was exhausted. (Id. at 2). However, he was recently transferred from Union Correctional Institution to Charlotte Correctional Institution, and he has not yet received much of his legal work. (Id.) He now seeks an extension of time to replace his missing state files and file a 28 U.S.C. § 2254 petition in this Court. (Id. at 3).

## II.  Discussion

As an initial matter, the Court concludes that it cannot liberally construe Osborn's motion as a defective habeas petition.[1] Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 lists specific requirements for federal habeas petitions, including the requirements that the petition: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested."

---

[1] The Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and states that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. However, in this case, it is clear that Osborn did not file a defective petition; rather, he simply filed a motion for an extension of time.

2

<u>Id.</u>  Rule 2(d) requires that section 2254 petitions substantially follow standard forms for such petitions.  Osborn's motion does not contain any element of a habeas corpus petition.  It does not reference any ground for relief, state any facts to support a ground for relief, and it does not state the relief sought through the habeas petition.  In addition, it was not filed on the Middle District of Florida's standard 28 U.S.C. § 2254 form, and it is not titled as a petition for writ of habeas corpus.  Rather, Osborn's "Petition under Extraordinary Circumstances Seeking Equitable Tolling Time" is simply a request for an extension of time to file a petition under 28 U.S.C. § 2254 and an explanation of why Osborn believes he will be entitled to equitable tolling once his petition is filed.

    The Court is presently without jurisdiction to grant the relief Osborn seeks.  He must first file a habeas corpus petition before the Court may act on his substantive claims or on his claim that he might be entitled to equitable tolling of the limitations period.  <u>See</u>, <u>e.g.</u>, <u>Sisneros v. Biter</u>, No. CV 12-0756-PA MLG, 2012 WL 395758, at *1 (C.D. Cal. Feb. 6, 2012) ("The Court simply does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a [§ 2254] petition."); <u>United States v. Leon</u>, 203 F.3d 162, 164 (2d Cir. 2000)("Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to

3

render on the timeliness issue would be merely advisory."); Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014) (adopting the reasoning in Leon to conclude that a § 2255 petitioner could not request an extension of time absent "a formal request for habeas relief"); United States v. Hernandez, 431 F. App'x 813, 814 (11th Cir. 2011) (same). See also Jones v. Texas, No. 3:08-CV-2204-B, 2008 WL 5264874, at *1 (N.D. Tex. Dec. 16, 2008)("[T]he Court has no authority to extend the one-year period prior to the filing of such a petition. After the filing of such a petition, the Court may statutorily toll the limitations period consistent with the circumstances set forth in § 2244(d)(2) and may equitably toll the limitations period in appropriate circumstances."). Because the Court has no authority to grant (or consider) Osborn's arguments for equitable tolling at this time, his motion for an extension of time to file a section 2254 petition must be dismissed.

### III. Conclusion

Unless and until Osborn files a section 2254 petition, this Court lacks jurisdiction to consider the timeframe for such petition, as there is no active case or controversy.

Accordingly, it is now **ORDERED**:

1. The "Petition under Extraordinary Circumstances Seeking Equitable Tolling Time" filed by Jason Michael Osborn (Doc. 1) is **DISMISSED** without prejudice to Osborn filing

4

        a 28 U.S.C. § 2254 petition on the form provided by the Clerk. Osborn shall not use this case number on his habeas petition because this case will be closed.

2. The Clerk is directed to send Osborn a completely blank 28 U.S.C. § 2254 form.[2]

3. The Clerk shall also dismiss this case without prejudice, terminate any pending motions, enter judgment accordingly, and close the file.[3]

    **DONE AND ORDERED** in Fort Myers, Florida on April 25, 2023.

                                      */s/ John E. Steele*
                                  JOHN E. STEELE
                                  SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:     Jacob Michael Osborn
Encl:           28 U.S.C. § 2254 form

---

[2] It appears that Osborn was convicted in Citrus County. Accordingly, if he chooses to file a 28 U.S.C. § 2254 petition, he should do so in the Ocala Division of the Middle District of Florida.

[3] **Certificate of Appealability.** A dismissal for lack of subject matter jurisdiction is not a "final order in a habeas corpus proceeding" within the meaning of 28 U.S.C. § 2253, and no certificate of appealability is required for appellate review of this order. See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004).